**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4543

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORGE LUIS GARCIA, a/k/a Spanky,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:22-cr-00212-M-KS-1)

Submitted:  June 11, 2024                    Decided:  June 26, 2024

Before NIEMEYER, KING, and QUATTLEBAUM, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**   Robert J. Parrott Jr., PARROTT LAW, Raleigh, North Carolina, for Appellant.   David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Luis Garcia pled guilty pursuant to a plea agreement to distribution of a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Garcia to 151 months' imprisonment and 3 years of supervised release. On appeal, Garcia's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether: Garcia's guilty plea was knowingly and voluntarily made; the appeal waiver in his plea agreement is valid and enforceable; the district court erred in applying a two-level enhancement to Garcia's offense level under the Sentencing Guidelines for his aggravating role; trial counsel rendered ineffective assistance by waiving an objection to the presentence report's recommendation that Garcia's offense level be enhanced for his aggravating role; Garcia's sentence is unreasonable; and discretionary conditions of Garcia's term of supervised release were not orally pronounced at sentencing. Garcia was informed of his right to file a pro se supplemental brief, but he has not done so. Invoking the appeal waiver in Garcia's plea agreement, the Government moves to dismiss the appeal.

Before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea was voluntary and did not result from threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3). Because Garcia did not seek to withdraw his guilty plea in the district

2

court, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted).

Here, the record reveals that the district court substantially complied with the mandates of Rule 11 in accepting Garcia's guilty plea and that the court's omissions did not affect Garcia's substantial rights. Critically, the record reveals that the court ensured Garcia entered the plea knowingly and voluntarily with an understanding of the consequences and that the plea was supported by an independent basis in fact. Garcia has not suggested that, but for the district court's omissions under Rule 11, he would not have entered his guilty plea. We thus discern no plain error warranting correction in the acceptance of Garcia's guilty plea and conclude that his guilty plea is valid.

Turning to Garcia's appeal waiver, we review its validity de novo and "will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the

3

defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record confirms that Garcia knowingly and voluntarily waived his right to appeal his conviction and sentence, except based on claims of ineffective assistance of counsel and prosecutorial misconduct not known to him at the time of his guilty plea. We therefore conclude that the waiver is valid and enforceable and that the challenges raised by counsel to the district court's Guidelines calculation and the reasonableness of Garcia's sentence fall squarely within the scope of the appeal waiver.

Next, Garcia's counsel questions whether trial counsel rendered ineffective assistance in connection with sentencing. This court typically will not review a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To demonstrate ineffective assistance of trial counsel, Garcia must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of the record. This claim "should

4

be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508. We therefore decline to address this claim at this juncture.

Finally, Garcia's counsel questions whether the orally pronounced conditions of supervised release are consistent with those present in the written judgment. In *United States v. Rogers*, this court held that a district court must orally pronounce all discretionary conditions of supervised release at the sentencing hearing. 961 F.3d 291, 296-99 (4th Cir. 2020). An appellate challenge to discretionary supervised release conditions not orally pronounced at sentencing falls outside of the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have *not* been 'imposed' on the defendant." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021). "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *Id.* at 344. The consistency between orally pronounced and written conditions of supervision is a matter we review de novo. *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022).

The criminal judgment sets forth 14 discretionary conditions of supervised release, divided into 1 special and 13 standard conditions. At sentencing, the district court orally pronounced the special discretionary condition appearing in the judgment. The district court also orally pronounced at sentencing that Garcia would have to comply with the standard conditions present in the court's standing order listing standard conditions of supervised release, and the 13 conditions in the judgment correspond to the 13 standard conditions of supervised release present in the court's standing order. A district court may

5

satisfy its obligation of oral pronouncement of discretionary conditions of supervised release "by expressly incorporating a written list of proposed conditions," such as a court-wide standing order listing certain conditions of supervised release, *Rogers*, 961 F.3d at 299, and we conclude that the district court's oral pronouncement was sufficient to incorporate the standard discretionary conditions of supervision in the district court's standing order.[*]

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss the appeal in part and affirm in part. This court requires that counsel inform Garcia, in writing, of the right to petition the Supreme Court of the United States for further review. If Garcia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Garcia.

---

[*] Garcia's counsel suggests on appeal that this court may wish to reconsider whether a district court can satisfy its obligation to orally pronounce discretionary conditions through incorporation. We decline this invitation. "One panel [of this court] cannot overrule a decision issued by another panel." *McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc). Although a panel is not bound by a prior panel decision that is subsequently made "untenable" by Supreme Court precedent, *United States v. Banks*, 29 F.4th 168, 175 (4th Cir. 2022), there is no such precedent making the *Rogers* decision-which explicitly permits incorporation of discretionary conditions as a method of satisfying the requirement of oral pronouncement-untenable.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*